IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DANIEL J. PAWLOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-cv-1464 (LMB/JFA) |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM OPINION

Before the Court is defendant Experian Information Services, Inc.'s ("Experian") Motion to Dismiss Daniel Pawlowski's Complaint with Prejudice ("Motion to Dismiss"),[1] which has been fully briefed. Finding that oral argument will not assist the decisional process, the Court will decide the motion on the parties' pleadings and the exhibits which are attached to the Complaint. For the reasons that follow, the Motion to Dismiss will be granted.

I.

In the Complaint, pro se plaintiff Daniel J. Pawlowski ("plaintiff") alleges that on July 22, 2019, he sent a letter to each defendant, requesting that they "conduct an investigation regarding the accuracy of" his credit report, which indicated that he had taken out a line of credit with Barclays. [Dkt. No. 1] at ¶ 21. In the letter to Experian, plaintiff insinuated that he had not taken out a loan with Barclays and wrote: "You are requested to send a notice of dispute to Barclays in accordance with the provisions of Section 611 (a)(2) of the FCRA, 15 U.S.C.

---

[1] Experian is the only defendant remaining in this civil action, as the litigation against defendants Equifax, Inc., Equifax Information Services, LLC, and Trans Union, LLC settled and stipulations of dismissal have been entered as to these defendants. [Dkt. Nos. 18, 16].

§1681i(a)(2) ... Please forward to me a copy of the ACDV form sent to Barclays and the return form (AUD) received back by you." [Dkt. No. 1-1] at 12.[2] Plaintiff's letter explained that he wanted Experian to verify the accuracy of the credit information furnished by Barclays:

> It would be constructive for you to note that the FCRA (Fair Credit Reporting Act) section 609(c)(2)(E) states: 'a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified.'
>
> The 'cannot be verified' is the key phrase, as you can see. Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information. It cannot be deemed 'accurate' if it cannot be 'verified'. If it cannot be verified, then it is required to be removed, according to the FCRA.

Id.

On July 24, 2019, plaintiff sent another letter to Experian, this time in relation to a loan from Navy Federal Credit Union. [Dkt. No. 1-1] at 8. The second letter contained language which was substantially identical to the first letter: again, plaintiff implied that he had never taken out a loan with Navy Federal Credit Union, and demanded that Experian verify the information in his credit report and provide him with the ACDV that defendant sent to the furnisher and the furnisher's AUD. Id.

At some point between July 30, 2019 and November 15, 2019, Experian responded to plaintiff's correspondence "through written communication" informing him that both the Barclays and the Navy Federal Credit Union accounts "had been verified with furnishers of information." [Dkt. No. 1] at ¶ 23. The Complaint alleges that although Experian verified the information for both accounts, it did not provide plaintiff "with evidence of [its] investigation

---

[2] An "ACVD" is an automated consumer dispute verification form, which credit reporting agencies like Experian use to verify disputed material provided by furnishers of credit information, and an "AUD" is the automated universal data form which furnishers use to respond to ACVDs.

and specific verification of the alleged accounts or contracts." [Dkt. No. 1] at ¶ 23. In response, plaintiff sent a third letter to Experian on December 31, 2019, in which he wrote:

> I demand to see Verifiable Proof **(an original Consumer Contract with my Signature on it)** you have on file of the [Barclays and Navy Federal Credit Union] accounts listed below. Simply stating a review has been achieved and verified doesn't provide proof. Your failure to positively verify these accounts is damaging my ability to obtain credit. Under the FCRA, unverified accounts must be removed and if you are unable to provide me a copy of verifiable proof, you must remove the accounts listed below.

[Dkt. No. 1-1] at 8 (emphasis in original).

Between January 1, 2020 and March 15, 2020, Experian again explained to plaintiff in writing that it had verified the information in his credit report with the furnishers, and that the information was accurate. [Dkt. No. 1] at ¶ 26. Despite that response, the Complaint alleges that Experian did not provide plaintiff with the documentation he sought related to its verification procedures. Id. Accordingly, plaintiff responded with a fourth letter to Experian on March 19, 2020, in which he wrote:

> **Please be advised this is my THIRD WRITTEN REQUEST and FINAL WARNING that I fully intend to pursue litigation in accordance with the FCRA to enforce my rights and seek relief and recover all monetary damages that I may be entitled to under Section 616 and Section 617 regarding your continued willful and negligent noncompliance.**
>
> Despite two written requests, the unverified items listed below still remain on my credit report in violation of Federal Law. You are required under the FCRA to have a copy of the original creditors['] documentation on file to verify that this information is mine and is correct. In the results of your first investigation and subsequent reinvestigation, you stated in writing that you "verified" that these items are being **"reported correctly"** ? Who verified these accounts? You have **NOT** provided me a copy of ANY original documentation (a consumer contract with my signature on it) as required under **Section 609 (a)(1)(A) & Section 611 (a)(1)(A).**

3

[Dkt. No. 1-1] at 3 (emphasis in original). Plaintiff closed his letter by cautioning Experian that he "is a litigious consumer and fully intend[s] on pursuing litigation in this matter to enforce [his] rights under the FCRA." Id.[3]

Experian did not respond to plaintiff's March 19, 2021 letter by producing the documentation he requested, leading him to file this lawsuit under the Fair Credit Reporting Act ("FCRA") on November 27, 2020. [Dkt. No. 1] at ¶ 32. The Complaint alleges three counts: I) violation of 15 U.S.C. § 1681g(a)(1); II) violation of 15 U.S.C. § 1681i(a)(5)(A); and III) violation of 15 U.S.C. § 1681i(a)(7). Experian has moved to dismiss for failure to state a claim, and plaintiff has opposed the motion.[4]

II.

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a "plaintiff's allegations fail to state a claim upon which relief can be granted." Adams v. NaphCare, Inc., 244 F. Supp. 3d 546, 548 (E.D. Va. 2017). A complaint must be more than speculative and must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citations

---

[3] Next to plaintiff's signature, there is a handwritten annotation which states: "I do not recognize the two accounts listed and suspect inaccurate info is being reported." [Dkt. No. 1-1] at 3. It is not clear whether the handwritten comment was added before the letter was mailed to Experian, or when plaintiff was preparing his exhibits for this lawsuit.

[4] In addition to filing his opposition brief, plaintiff also filed an Objection to Defendant Experian Information Solutions, Inc.'s Reply Memorandum in Support of Its Motion to Dismiss ("Objection"). [Dkt. No. 31]. This three-page document merely repeats the arguments against dismissal which plaintiff included in his opposition, meaning that in reality the document he has styled as an "Objection" is a sur-reply filed without leave of court in violation of the Local Civil Rule 7(F)(1). Nevertheless, the Court has considered it in deference to plaintiff's pro se status.

omitted). When considering a motion to dismiss, a court must assume that the facts alleged in the complaint are true and resolve factual disputes in the plaintiff's favor, Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009); however, a court "is not bound by the complaint's legal conclusions," conclusory allegations, or unwarranted inferences. Id. Courts must "construe allegations in a pro se complaint liberally." Thomas v. Salvation Army So. Territory, 841 F.3d 632, 637 (4th Cir. 2016).

In Count I, plaintiff alleges that Experian violated 15 U.S.C. § 1681g(a)(1), which requires that "Every consumer reporting agency shall, upon request ... clearly and accurately disclose to the consumer ... All information in the consumer's file at the time of the request," subject to certain exceptions. As Experian correctly argues, the Complaint does not allege that plaintiff "ever request[ed] the contents of his consumer disclosure file." [Dkt. No. 27] at 5. Instead, both the Complaint and the letters attached to it reveal that plaintiff requested two kinds of information from Experian: the ACDVs it used to verify his Barclays and Navy Federal Credit Union accounts, and copies of the consumer loan contracts with those same furnishers. Any ACDVs responsive to plaintiff's requests would not be covered by § 1681g(a)(1), because they would not yet exist "at the time of [plaintiff's] request." This temporal element is required by the statute. Moreover, an ACDV is a document sent to furnishers to request information about a consumer's account, for which there is no provision in the FCRA requiring that copies be maintained in a consumer's file. See Kelly v. Suntrust Bank, No. 3:14-cv-121, 2016 WL 775781, at *1 (E.D. Va. Feb. 25, 2016) ("The [credit reporting agency] Defendants use ACDVs to inform furnishers of credit information, like SunTrust, that a consumer lodged a dispute with a [credit reporting agency] about information contained in his consumer report. The furnisher then

reviews the information, verifies or corrects it, and sends a response to the [credit reporting agency].").

The consumer contracts requested by plaintiff are also not part of the "consumer file" described in § 1681g(a)(1), and other district courts, including courts in the Fourth Circuit, have found that there is no requirement that credit reporting agencies keep copies of consumer contracts related to accounts appearing on their credit reports. See e.g., Jackson v. Warning, No. PJM 15-1233, 2016 WL 7228866 (D. Md. Dec. 13, 2016); Butler v. Equifax Info. Servs. LLC, No. 3:17cv422-MCR-CJK, 2018 WL 5986534, at *3 (N.D. Fla. Oct. 12, 2018). In Jackson, the United States District Court for the District of Maryland considered a complaint similar to the one at issue in this civil action, which "vaguely assert[ed] that Defendants failed to verify the accuracy of their reporting with respect to certain of [the plaintiff's] credit accounts, and that these failures negatively impacted his credit rating." 2016 WL 7228866 at *1. The court dismissed the complaint, explaining: "The Complaints seemingly assert that § 1681g requires [credit reporting agencies] to physically verify the original signed certified consumer contract for all accounts listed on a credit report, then to supply the customer with these verified documents. However, § 1681g does not require [credit reporting agencies] either to verify original signed consumer contracts or to send them to consumers." Id. at *9. Because the letters that plaintiff has attached to the Complaint clearly show that he requested the same kind of documentation which Jackson found was not required, rather than "information in the consumer[ ] file," Count I must be dismissed. § 1681g(a)(1).

Counts II and III allege violations of 15 U.S.C. § 1681i(a), which governs reinvestigations of disputed information in credit reports. Specifically, Count II alleges that Experian violated § 1681i(a)(5)(A) by failing to delete information which could not be verified

from plaintiff's credit report, and Count III alleges that Experian violated § 1681i(a)(7) by failing to provide plaintiff with a description of its reinvestigation procedure. [Dkt. No. 1] at ¶¶ 42, 48. Far from supporting these claims, the facts alleged in the Complaint establish that Experian complied with both of these statutory provisions. Plaintiff alleges that after his July 2019 letters asking for verification of the Barclays and Navy Federal Credit Union accounts, and again after his December 31, 2019 letter asking for reverification of those accounts, Experian contacted him in writing and explained "that the alleged accounts had been verified with furnishers of information." Id. at ¶¶ 23, 26. Plaintiff complains that "[w]hether Defendant's verification process using an ACDV form, or a return form AUD is sufficient to constitute Experian conducted [sic] a reasonable investigation ... may be a question for a jury to decide," [Dkt. No. 29] at 5; however, "numerous courts have held that where [credit reporting agencies] and furnishers follow the ACDV process, they have conducted a reasonable reinvestigation" for the purposes of § 1681i(a). Kelly, 2016 WL 775781 at *3 (citing Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 151 (4th Cir. 2008); Dickens v. Trans Union Corp., 18 F. App'x 315, 319 (6th Cir. 2001)). Plaintiff has not identified any authority supporting his claim that § 1681i(a) requires that the ACDV and any response from the furnisher be shared directly with the consumer.

Also fatal to Counts II and III is case law finding that a plaintiff alleging a violation of § 1681i must plead that "a reasonable reinvestigation by the [credit reporting agency] could have uncovered [an] inaccuracy." Denton v. JPMorgan Chase & Co., No. 4:19-cv-114, 2020 WL 5909153, at *12 (E.D. Va. Oct. 6, 2020) (quoting Burke v. Experian Info. Sols., Inc., No. 1:10-cv-1064, 2011 WL 1085874, at *3 (E.D. Va. Mar. 18, 2011)). Plaintiff makes no such allegation. In the Complaint and the letters attached to it, plaintiff objects repeatedly and strenuously to

7

Experian's "failure to positively verify [his] accounts" by providing him with the original loan contracts at issue, see [Dkt. No. 1] at ¶¶ 23, 26, 27; [Dkt. No. 1-1] at 3, 8, 12; however, plaintiff never actually alleges that the information pertaining to the Barclays and Navy Federal Credit Union accounts was inaccurate, he merely argues that it was unverified. Even in plaintiff's brief in opposition to the Motion to Dismiss, after the motion had put him on notice that he needed to allege inaccurate reporting to succeed on these claims, he focused only on whether Experian adequately verified his account information—not on the accuracy of the information—arguing that "[u]ntil such time Defendant proves Defendant investigated and verified the Barclays account and further proves the account belongs to Plaintiff, Defendant has acted and is acting criminally." [Dkt. No. 29] at 4; see also id. ("Defendant is required to prove statements made by Defendant to Plaintiff, including those concerning to whom Plaintiff owes a debt and for how much. Those rights are codified under the FCRA.").

The closest that plaintiff comes in the Complaint to alleging that the information furnished by Barclays and Navy Federal Credit Union was false is the handwritten note on his March 19, 2020 letter to Experian, in which he wrote that he did "not recognize the two accounts listed and suspect[ed] inaccurate info is being reported." [Dkt. No. 1-1] at 3 (emphasis in original). This statement is, by its own terms, purely speculative, and does not satisfy Twombly's plausibility requirement. Accordingly, Counts II and III will be dismissed.[5]

---

[5] Although plaintiff includes one statement in his opposition brief that the information on his credit report was "incomplete, therefore, also inaccurate," [Dkt. No. 29] at 3, the Complaint fails to allege that the information in plaintiff's credit report was "incomplete," nor does it allege any facts from which the Court could infer what record plaintiff believes to have been "incomplete." Plaintiff may not enlarge the scope of his Complaint through briefing; therefore this remark does not save his claims from dismissal.

8

III.

For these reasons, the Complaint fails to state a claim for violations of the FCRA, and will be dismissed by an appropriate Order to accompany this Memorandum Opinion. Plaintiff has requested "leave to file an amended complaint to cure any proposed defects" in his Complaint, [Dkt. No. 29] at 1; however, "a district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (citations omitted). Plaintiff has not submitted a proposed amended complaint, but he has attached all of his pertinent communications with Experian to the current Complaint. That correspondence establishes that amendment to the Complaint would be futile because it "would not correct the legal shortcomings of plaintiff's existing complaint or present viable new claims." Figueroa-Ibarry v. Rennick, 1:20-cv-23, 2021 WL 954843, at *6 (E.D. Va. Mar. 12, 2021). Accordingly, dismissal will be with prejudice.

Entered this 12th day of July, 2021.

Alexandria, Virginia

/s/ *signature*
Leonie M. Brinkema
United States District Judge